No. ——

First Circuit

LOYD v. COVINGTON MOTOR CO.

(June 7, 1927. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana   Digest—Damages—Par.   12, 13.

Vindictive or punitory damages are not recoverable under the law of Louisiana.

2. Louisiana Digest—Obligations—Par. 122, 133.—Sales—Par. 69, 71, 78.

Where a Ford truck previously mortgaged was traded on a Chevrolet truck, the balance of the purchase price being represented by notes, after the Ford and the notes were resold, on discovery of the chattel mortgage on the Ford and the illegal detention of the Chevrolet by the seller, the seller is entitled to be recognized owner of the Chevrolet upon payment to the buyer of the difference in the amount allowed on the Ford and a chattel mortgage against it and the cancellation of indebtedness by the buyer of the Chevrolet to the seller.

Appeal from the Parish of St. Tammany. Hon. Prentice B. Carter, Judge.

Action by Howard Loyd against Covington Motor Company.

There was judgment for defendant and plaintiff appealed.

Judgment set aside and rendered.

Arthur J. Finney, of Covington, attorney for plaintiff, appellant.

Victor Plauche, of Covington, attorney for defendant, appellee.

LECHE, J. Plaintiff sues for the possession of a one-ton Chevrolet truck, for one thousand dollars damages, and additional damages at the rate of ten dollars per day from July 6, 1926, until such time as defendant returns to him his truck. Defendant, on the other hand, prays that plaintiff's demand be rejected and asks for judgment in reconvention for three hundred twenty-four and 25-100 dollars. Judgment by the district court does not pass upon plaintiff's demand for possession but otherwise was rendered in accordance with defendant's prayer, and plaintiff has appealed.

The facts are that plaintiff owned a Ford truck and wishing to procure one more suitable for his work, called upon defendant with a view of securing a Chevrolet truck. After some negotiations, the parties agreed that plaintiff would pay seven hundred twenty-five and 66-100 dollars for a new Chevrolet truck and that defendant would accept in part payment the second-hand Ford truck of plaintiff on an agreed appraisement of three hundred fourteen and 25-100 dollars, the balance of the purchase price of the Chevrolet truck to be represented by plaintiff's twelve notes, payable monthly, each for the sum of $34.29 and aggregating altogether $411.41. An act of sale and chattel mortgage was accordingly drawn up and signed by the parties. Plaintiff took possession of his new Chevrolet truck and defendant received plaintiff's notes and likewise took possession of the Ford truck. This much of the transaction is not disputed and is admitted by both parties.

It apears that plaintiff's Ford truck was at the time affected by a chattel mortgage amounting to three hundred twenty-four dollars. There was no concealment of this fact. Both parties knew it, but through error, no account was taken of it when the sale and mortgage was drawn up and signed. It was only two or three days after that defendant discovered the error. Defendant at once called upon plaintiff, who, although he recognized the error, did not seem overwilling to rectify it. It is true that he offered to return defendant the Chevrolet truck upon defendant's returning to him his Ford truck, but he then knew that defendant had already sold the Ford truck and could not make restitution. The Ford truck was bought by J. W. Loyd, father of plaintiff, the day after the sale of the Chevrolet had been made by defendant to plaintiff.

The sale of the Chevrolet was made on July first, the sale of the Ford truck was made by defendant to plaintiff's father on July third, and it was on July sixth that the final interview was had between plaintiff and defendant, in order to rectify the error. Various propositions were made but were not accepted, and during this parleying, which took place in Covington, a heavy shower of rain came up. From that moment the testimony of the parties is very conflicting. Plaintiff says that wishing to get his new Chevrolet truck out of the rain, he handed his ignition key to a colored boy in the employ of the defendant, and asked him to drive the truck in defendant's garage and service station, where it would be under shelter; that after the rain was over, he proceeded to defendant's garage, drove out his truck and backed it into an empty lot next to the garage; that still later, being unable to come to a definite understanding with defendant, he returned to get his truck but found it chained and locked and standing inside of defendant's garage.

He further says that he was dispossessed of it from that moment up to the time the case was tried. On the other hand the manager of defendant firm, says that the Chevrolet was brought back to his garage with the full knowledge and consent of plaintiff, and with the understanding that it was to remain there until the parties could adjust their differences.

The trial judge evidently gave full credit to the testimony of defendant and did not believe that of plaintiff. But there are two circumstances which are inconsistent with the version by defendant, as to what actually took place. If plaintiff consented to let the Chevrolet truck remain in the custody and under the control of defendant, what reason was there to justify defendant in locking it and padlocking the wheels with chains. When confronted with this question, defendant manager says that he padlocked the truck "because at the time I left the garage to go to dinner there was no one to leave in charge except the colored boy and I was afraid that he could not give a clear explanation to anyone who came for the car, so I ordered him to put a lock and chan on the wheel." The reason as thus given by defendant manager is clearly inconsistent with his prior testimony that the truck was to remain in his custody with the full consent of plaintiff, until an adjustment of their differences could be made. The other circumstance is that plaintiff still has possession of the key to the ignition switch of the Chevrolet truck. If it be true that the colored boy, employee of defendant, was handed the key by plaintiff to bring the truck into defendant's garage, there to remain, evidently the key also would have remained in the ignition lock of the truck in defendant's garage.

Under the circumstances we cannot help but believe that plaintiff was dispossessed of his truck by force, by strategy, or by both; that defendant took possession of it as a measure of protection against possible loss and without any intention of harassing plaintiff. Of course such taking was illegal, no matter what defendant's motives might have been.

Plaintiff claims one thousand dollars as damages for this act of defendant, and he also prays for ten dollars damages for each day he has been deprived of the use of his truck. These claims are fanciful, they rest entirely upon a desire to obtain vindication and are not supported by a preponderance of the evidence. We have no right under the late jurisprudence to inflict vindictive or punitory damages, the only kind that might be recoverable in this case. Plaintiff has not alleged or proved any damages for disappointment, outraged feelings or mental suffering, and none can be allowed upon those grounds.

The error of both parties in drawing up the contract which they signed, vitiates the whole transaction and equity requires that they both should be placed in the position they occupied before they signed the same. But that is now no longer possible. Defendant has sold the Ford truck and plaintiff's notes have presumably gone out of the hands of defendant into the ordinary channels of commerce. It is no longer within the power of defendant to restore plaintiff to his original position. The difficulty which presents itself is to enter such a decree that will as nearly as possible do justice between the parties.

Plaintiff owned a Ford truck which defendant sold for $350.00 but upon which there was a chattel mortgage of $324.00 paid by defendant. Plaintiff has therefore lost and defendant has made $26.00 as a result of the transaction. Defendant has regained possession of its Chevrolet

truck and is therefore in its original position. The Chevrolet is subject to a chattel mortgage amounting to $411.41, which if held by defendant is automatically cancelled and if sold should be paid by defendant for having already received the proceeds of such mortgage.

For these reasons the judgment appealed from is avoided, annulled and set aside and it is now ordered that plaintiff recover of defendant the sum of twenty-six dollars, that defendant be recognized as owner of the Chevrolet truck, motor No. 230491, subject to the chattel mortgage thereon of $411.41. It is further ordered that defendant pay costs of both courts.